IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEVEN FLOREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-07-763-HE |
| v. | ) | |
| | ) | |
| JOSEPH SCIBANA, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, has filed this "Petition for Writ of Habeas Corpus Ad Subjiciendum" pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, it is recommended that the Petition be dismissed upon filing.

In his Petition, Petitioner asserts that he is in custody in violation of the Constitution and laws and treaties of the United States and that his liberty is being unlawfully restrained. Clearly, Petitioner is challenging the conviction under which he is incarcerated in federal prison. However, Petitioner provides no information concerning the conviction and sentence

---

[1] Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. §2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

he is challenging. Public records show, however, that Petitioner was convicted in the United States District Court for the Western District of Texas pursuant to a guilty plea of the offense of possession with intent to distribute and importation of a quantity of cocaine, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 952(a) and sentenced to a 160-month term of imprisonment to be followed by a 5 year term of supervised release. https://ecf.txwd.uscourts.gov (docket sheet in United States of America v. Steven Florez, Case No. 3:06-cr-00527-DB-1, accessed August 3, 2007). Petitioner's appeal from this conviction and sentence to the Fifth Circuit Court of Appeals was dismissed for failure to present a nonfrivolous issue for appeal. United States v. Florez, No. 06-51222, 2007 WL 1806947 (5th Cir. June 20, 2007)(per curiam)(unpublished op.).

The habeas corpus petition under 28 U.S.C. § 2241 is available to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed under § 2241 is the proper method for challenging the manner in which a federal or state sentence is being executed. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The § 2241 petition does not, however, encompass the claims of a federal prisoner of an unlawful conviction or sentence. In addition to the appeal procedures provided under statute, 28 U.S.C. § 1291, Congress enacted the 28 U.S.C. § 2255 motion to vacate for collateral attacks on the validity of a federal judgment of conviction or sentence, and the 28 U.S.C. § 2255 statute requires that such a motion be brought in the court in which the conviction or sentence was entered. United States v. Hayman, 342 U.S. 205, 216 (1952); see Bradshaw, 86 F.3d at 166 ("A 28 U.S.C. § 2255 petition attacks the legality of detention,

and must be filed in the district that imposed the sentence.")(citations omitted).  The 28 U.S.C. § 2255 motion to vacate is the exclusive remedy for testing the validity of a federal conviction or sentence unless it is inadequate or ineffective. Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963)(*per curiam*); 28 U.S.C. § 2255.  It is the petitioner's burden to show that the § 2255 remedy is inadequate or ineffective, and the § 2255 remedy has been found to be inadequate or ineffective in only "extremely limited circumstances." Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999).

Petitioner's remedy for challenging the legality of his federal conviction is a motion to vacate under 28 U.S.C. § 2255.  Petitioner has not shown that the § 2255 remedy is inadequate or ineffective for litigating his claims that his conviction is invalid.

This Court lacks jurisdiction under 28 U.S.C. § 2241 to consider Petitioner's challenge to his federal conviction and sentence because such a challenge is properly construed as a motion under 28 U.S.C. § 2255, and such a § 2255 motion may not be filed by Petitioner in this Court and must be filed in the Western District of Texas where Petitioner was convicted. 28 U.S.C. § 2255; Haugh v. Booker, 210 F.3d 1147, 1152 (10th Cir. 2000)("Because a section 2255 motion must be brought in the district in which the defendant was sentenced, the district court here lacked jurisdiction.").

Although this Court has the authority to transfer an action to the proper forum if such a transfer is in the interest of justice, 28 U.S.C. § 1631, a brief review of the merits of the Petition shows that such a transfer would only result in raising Petitioner's false hopes and wasting judicial resources as his action is "clearly doomed." Haugh v. Booker, 210 F.3d

3

1147, 1150 (10th Cir. 2000). Therefore, the undersigned finds that a transfer of the action would not further the interest of justice.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED without prejudice to the filing of a 28 U.S.C. § 2255 motion in the proper court. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by <u>August 23rd</u>, 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this <u>  3rd  </u> day of <u>  August  </u>, 2007.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE